UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRK MURRAY,

      Petitioner,

v.

ADAM DOUGLAS,

      Respondent.

Case No. 2:23-cv-11636

Honorable Robert J. White

---

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

---

I.    <u>Introduction</u>

Petitioner Kirk Murray petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the validity of his state conviction and sentence. (ECF No. 1, PageID.1, 15). Murray is presently serving a term of 25-to-40 years for multiple counts of criminal sexual conduct. (*Id.* at PageID.1). He is incarcerated at the Hiawatha Correctional Facility in Kincheloe, Michigan. (ECF No. 8, PageID.128).

Murray raised four claims in his habeas petition: (1) Michigan's mandatory sentencing guidelines violate the Sixth Amendment; (2) the prosecutor violated the trial court's discovery order; (3) the prosecutor committed misconduct by presenting false and inconsistent testimony at trial; and (4) the imposition of lifetime electronic

monitoring violates Murry's Fourth and Eighth Amendment rights. (ECF No. 1, PageID.21–56).

In Respondent's answer to Murray's habeas petition, Respondent asserted that review of Murray's habeas claims is barred by Murray's failure to exhaust state court remedies.  In addition, Murray procedurally defaulted his claims by not presenting them on appeal directly or in his post-conviction motion for relief from judgment; for claims raised in his post-conviction motion, he did not timely appeal the denial of these. (ECF No. 10, PageID.154–59, 172–78, 183–85, 195–97).

For the reasons set forth below, the Court will deny the petition for habeas corpus.  The Court will also deny Murray a certificate of appealability and leave to appeal *in forma pauperis*.

II.    Background

A jury convicted Murray for criminal sexual conduct, and the trial court sentenced him to 25-to-40 years imprisonment. *People v. Murray*, 341 Mich. App. 205, 207–08 (2022).  The Michigan Court of Appeals summarized the evidence produced at Murray's trial as follows:

> These cases arise from sexual assaults committed by defendant against his daughter, LM, and his then-wife, MM, during the summer of 2018. At trial, LM testified about an incident in which defendant sat LM on his lap, began touching her inner thigh, and then digitally penetrated LM's vagina. LM claimed that defendant warned her not to tell anyone about the sexual assault. LM was under 13 years of age at the time of the sexual contact and penetration, and defendant was 31 years old. A

jury convicted defendant of CSC-I and CSC-II for the conduct involving LM.

Additionally, MM testified that after she admitted to having an affair in 2018, defendant told her that she needed to be his "sex slave" or else he would take their children and end the marriage.[2] Over the next month and a half, defendant repeatedly forced MM to engage in nonconsensual anal intercourse. MM testified that she begged defendant to stop his behavior, but he refused. MM was afraid that defendant would follow through on his threat to take the children if she did not comply with his sexual demands. MM also testified about previous domestic violence defendant had committed, including an incident in which defendant drove MM and her friend, AV, to a mall in Traverse City. On the way home from the mall and after an argument ensued between defendant and MM, defendant pulled MM out of the car and left MM and her friend stranded on a back road needing to make their own way home. The trial court also allowed AV to testify about her recollection of this event, overruling a defense objection that the prosecution had failed to give pretrial notice of AV's testimony pursuant to MCL 768.27b(2). A jury convicted defendant of CSC-III for the conduct involving MM.

———

[2] Defendant and MM had one biological child together, and LM was MM's stepdaughter.

*Id.* at 208–09.

After his conviction and sentencing, Murray filed a direct appeal. His appeal raised two claims:

I. The prosecution did not provide notice that AV was going to testify under MCL 768.27b.

II. The 25-year mandatory minimum sentence for first-degree criminal sexual conduct under MCL 750.520b(2)(b) violates the separation of powers.

(ECF No. 11-12, PageID.900).

3

Under his first claim, Murray argued that the prosecution did not give him proper notice of witness testimony it planned to introduce at trial. (*Id.* at PageID.915–16.).  Although the prosecution notified him that the adult complainant would testify about a prior incident in Traverse City, it did not inform him that another witness, AV, would also testify about the prior incident. (*Id.* at PageID.915–16.).   Murray's second claim challenged the 25-year mandatory minimum established by § 750.520b(2)(b) as unconstitutional under the Michigan constitution's separation of powers. (*Id.* at PageID.921–25).  He noted that the sentencing guidelines in his case called for a lower sentence. (*Id.* at PageID.921–25).  Ultimately, the Michigan Court of Appeals affirmed his conviction and sentence. *People v. Murray*, 341 Mich. App. at 207.

Murray then applied for leave to appeal in the Michigan Supreme Court. (ECF No. 11-13).  His application raised the same two claims. (*Id.* at PageID.978).  After consideration, the Michigan Supreme Court vacated "that part of the Court of Appeals opinion concluding that the prosecution had good cause for its failure to strictly comply with the notice requirement of MCL 768.27b(2)." *People v. Murray*, 510 Mich. 946 (2022) (Table).  But the Michigan Supreme Court otherwise denied leave to appeal. *Id.*

Murray then returned to the trial court and filed a pro se motion for relief from judgment that raised the following claims:  (1) AV should not have been allowed to

give testimony; (2) the prosecutor failed to comply with discovery requests; (3) witness statements changed from the beginning of the case to the trial; (4) the trial court should have severed the charges related to the separate complainants; and (5) the trial court should have allowed witnesses to testify as to Murray's good character. (ECF No. 11-10, PageID.836–843). The trial court denied the motion by opinion and order dated April 20, 2023. (ECF No. 11-11).

The court found that review of Murray's first claim was barred under Michigan Court Rule 6.508(D)(2); that is, the Supreme Court, in vacating the Court of Appeals decision, still affirmed the determination that the trial court's error in allowing AV's testimony did not justify reversal. (*Id.* at PageID.846). Next, Murray's counsel stipulated to consolidation of the cases for trial, so Murray was not entitled to relief on this claim. (*Id.* at PageID.847). And as to the remaining claims, Murray offered no explanation for not raising them on appeal. (*Id.* at PageID.846–47). Thus, Murray was not entitled to relief under MCR § 6.508(D)(3). (*Id.*).

Murray then filed the instant habeas petition raising the claims outlined above. (ECF No. 1). But Murray admitted in his habeas petition that he did not appeal the trial court's decision on his motion for relief from judgment. (ECF No. 1, PageID.5). He explained that he did not appeal because he understood that "it is the 6500 and goes no higher." (*Id.*). Murray also admitted that he did not raise any of his habeas

claims in state court on direct review. (*Id.* at PageID.6). Finally, he did not raise his habeas claims in an appeal from the denial of his post-conviction motion. (*Id.*). His rationale for not doing so consisted of his belief that he could not introduce "new evidence or witnesses, only the written proceedings of the lower court." (*Id.*).

III.   <u>Analysis</u>

    A.   *Procedural Default*

A state prisoner seeking federal habeas relief must first exhaust his state court remedies with respect to all the claims he raises in his habeas petition. 28 U.S.C. § 2254(b). Where a prisoner fails to present his claims to the state courts before filing his federal petition, it is either that the claims are unexhausted or procedurally defaulted. *See Gray v. Netherland*, 518 U.S. 152, 161–62 (1996). If a prisoner still has procedures available to present the claims to state court, then the claims are unexhausted. (*Id.*). In that scenario, the habeas petition is then dismissed without prejudice, allowing the prisoner an opportunity to satisfy the exhaustion requirement and then return to federal court. *See Pliler v. Ford*, 542 U.S. 225, 230–31 (2004). If, however, the petitioner no longer has a procedural mechanism to present his federal claims to the state courts, the claims are considered procedurally defaulted. *Gray*, 518 U.S. at 161–62.

Under Michigan law, to satisfy the exhaustion requirement, a petitioner must fairly "present the issue both to the state court of appeals and the state supreme

court." *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim." *Wagner*, 581 F.3d at 414–15.

To begin, in his habeas petition, Murray asserted that Michigan's mandatory sentencing guidelines violated the Sixth Amendment. (ECF No. 1, PageID.5, 21–24).  But this claim differs from the one he presented on direct review, specifically, that the mandatory-minimum sentencing provision of § 750.520b(2)(b) violated separation of powers under Michigan's constitution. (ECF No. 11-12, PageID.900, 920–25).  That is, his habeas claim challenged Michigan's sentencing guidelines, not § 750.520b(2)(b).  And his legally theory shifted from violations of Michigan's constitution to violations of the Sixth Amendment.  Because Murray changed both the factual and legal basis of his claim, the state courts did not have an opportunity to directly review what he now asserts in his habeas petition.  As a result, Murray did not exhaust his first habeas claim. *Wagner*, 581 F.3d at 414.

On post-conviction review, Murray argued his second and third habeas claims before the state trial court. (ECF No. 11-10, PageID.837–40).  After the trial court denied his post-conviction motion, however, Murray failed to appeal the decision to the Michigan Court of Appeals or the Michigan Supreme Court.  Accordingly,

7

Murray exhausted none of the claims presented by his state post-conviction review proceeding.

Overall, the issue is one of procedural default and not mere exhaustion because Murray no longer has a procedure available to exhaust his claims. *See Gray*, 518 U.S. at 161–62; *Dufresne v. Palmer*, 876 F.3d 248, 255 (6th Cir. 2017).  Murray already pursued both direct and post-conviction review in the Michigan Courts, and Michigan law generally limits defendants to one post-conviction review proceeding. *See* Michigan Court Rule 6.502(G)(1); *see also Gadomski v. Renico*, 258 F. App'x 781, 783 (6th Cir. 2007).  Exceptions apply to claims based on new legal rules or newly available facts. *See* Rule 6.502(G)(2).  But these exceptions do not apply to any of Murray's claims. Murray raised two of his claims in his post-conviction motion, and therefore they cannot form the basis for filing a second post-conviction motion.  And Murray's other two habeas claims are not based on newly available laws or facts. *See* Rule 6.502(G)(2).  Murray had both the facts and legal theories backing his sentencing and lifetime electronic monitoring claims available to him when he filed his first post-conviction motion.  His claims are therefore procedurally defaulted.

A court may still review procedurally defaulted claims, however, if the habeas petitioner can demonstrate:  (1) "cause and prejudice" to excuse the default; or (2) that a fundamental miscarriage of justice would result from a lack of review. *See*

*House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986).  With respect to (1), to demonstrate cause, a petitioner must establish that some objective factor external to the defense "impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488.  Such reasons include:  interference by government officials, attorney error rising to the level of ineffective assistance of counsel, or a showing that the factual or legal basis for a claim was not previously reasonably available. *See McCleskey v. Zant*, 499 U.S. 467, 493–94 (1991).

First, Murray did not assert that any external factors prevented him from exhausting his claims.  Based on the statements in his habeas petition, it appears that Murray erroneously believed that he could not appeal the denial of his motion for relief from judgment. (ECF No. 1, PageID.5).  Namely, Murray indicated that "6500 goes no higher" than the trial court, and that the appeal would not be allowed because it involved matters that were not part of the record. (*Id.* at PageID.5, 8).  That belief, however, is incorrect.  The Michigan Court Rules provide for an appeal from the denial of a motion for relief from judgment. *See* Mich Ct. R. 6.509 and 7.205.  Murray's personal ignorance of the law, and the procedural requirements related to exhaustion of habeas claims, are not external to him, and therefore are insufficient to excuse his procedural default. *See Bonilla v. Hurley*, 370 F. 3d 494, 498 (6th Cir. 2004); *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995).  Because Murray

9

failed to demonstrate cause to excuse his procedural default, it is unnecessary for this Court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986).

Second, the fundamental miscarriage of justice section requires a habeas petitioner demonstrate that a constitutional violation "probably resulted" in the conviction of one who is actually innocent. *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (quoting *Murray*, 477 U.S. at 496). The petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)) (cleaned up). For a petitioner to make this showing and thereby argue the merits of a defaulted claim, the petitioner must show "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316).

The Court will liberally construe Murray's third claim as asserting a claim of actual innocence. Murray attached records to his petition that appear to consist of notes taken by child protective services leading to the charges against him. (ECF No. 1, PageID.41–54.). But the notes are not new evidence of Murray's innocence. Instead, the notes are comprised largely of statements made by Murray's daughter and his ex-wife to investigators about Murray's abuse. (*Id.* PageID.46-47, 49-51.). Although the notes reference another man that lived in the basement of the same

home, they mention that said man never watched nor took care of Murray's children, and that his room had a separate locked entrance which the children did not have access to. (*Id.* PageID.43–44.). Overall, the notes about another man do not establish him as a viable alternate suspect, nor do they come close to proving Murray's actual innocence. Statements about abuse the victim suffered at the hands of others also do not bear on whether Murray is guilty or innocent. (*Id.* at PageID.52). As a result, Murray failed to raise a substantial claim of actual innocence.

Accordingly, Murray procedurally defaulted all of his habeas claims by failing to present them to the Michigan Court of Appeals or the Michigan Supreme Court. He thus lost any procedural means he had to satisfy the exhaustion requirement. And because Murray offered no external objective factors that prevented him from exhausting his claims, he failed to establish an entitlement to review of the defaulted claims. Nor did he demonstrate that a fundamental miscarriage of justice would occur if the Court did not review his claims. For these reasons, the Court will deny Murray's petition.

### B.   *Certificate of Appealability*

In order to appeal the Court's decision, Murray must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2). The applicant must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to

11

proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citation omitted) (cleaned up).  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *See Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002) (referencing Sixth Circuit's "earlier decision that a district court may decide whether to issue a COA at the time of denial of habeas relief").  Here, reasonable jurists could not debate the Court's finding that Murray's claims are procedurally barred, and therefore Murray failed to demonstrate entitlement to habeas relief.

Murray is also denied permission to appeal in forma pauperis because any appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IV.   Conclusion

Accordingly, the Court will 1) **DENY WITH PREJUDICE** the petition for a writ of habeas corpus, 2) **DENY** a certificate of appealability, and 3) **DENY** permission to appeal in forma pauperis.

SO ORDERED.

Dated: June 12, 2025                     s/Robert J. White
                                         Robert J. White
                                         United States District Judge